FILED BY _____ D.C.

05 SEP 12 AM 9: 09

THOMAS M. GOULD
CLERK U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

EDWARD JOHNSON,               χ
                             χ
                             χ
          Plaintiff,         χ
                             χ
vs.                          χ      No. 04-3023-Ml/P
                             χ
KENNY ARMSTRONG, et al.,     χ
                             χ
          Defendants.        χ
                             χ

ORDER ASSESSING FILING FEE
ORDER DENYING MOTION FOR ORDER COMPELLING CHANCERY COURT
ORDER DENYING MOTION FOR WRIT OF MANDAMUS
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
ORDER IMPOSING SANCTIONS UNDER 28 U.S.C. § 1915(g)
AND
NOTICE OF APPELLATE FILING FEE

Plaintiff, Edward Johnson, Tennessee Department of Correction prisoner number 165254, an inmate at the Northwest Correctional Complex ("NWCX")[1] in Tiptonville, Tennessee, filed a _pro se_ complaint pursuant to 42 U.S.C. § 1983, along with a motion for leave to proceed _in forma pauperis_.  The Clerk of Court shall file the complaint and record the defendants as Kenny Armstrong and B. Reynolds.

---

[1] The word "prison" is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on _9-12-05_



## I. Assessment of Filing Fee

Under the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915(b), all prisoners bringing a civil action must pay the full filing fee of $150 required by 28 U.S.C. § 1914(a).[2] The in forma pauperis statute, 28 U.S.C. § 1915(a) merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, plaintiff has properly completed and submitted both an in forma pauperis affidavit and a prison trust fund account statement. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order.

It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account and forward them to the Clerk of Court.

_____

[2]  Effective February 7, 2005, the fee for filing a civil complaint increased to $250. Plaintiff, however, filed this complaint on December 15, 2004, prior to the effective date of the increase.

2

On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $150.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order, and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify plaintiff's name and the case number on the first page of this order.

If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined he shall provide the officials at the new prison with a copy of this order.

If the plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate

3

sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison.   The obligation to pay this filing fee shall continue despite the immediate dismissal of this case.   28 U.S.C. § 1915(e)(2).  The Clerk shall not issue process or serve any papers in this case.

## II. Analysis of Plaintiff's Claims

Johnson sues Shelby County Chancery Court Clerk Kenny Armstrong and Deputy Clerk B. Reynolds.  He alleges that he submitted a civil complaint against television station Fox 13 WHBQ to Chancery Court on approximately December 12, 2003. He further alleges that his complaint was dismissed on April 5, 2004, as barred by the statute of limitations.

Johnson alleges that his certified mail receipt demonstrates that the complaint was received by Deputy Clerk B. Reynolds on December 12, 2003; however, Reynolds did not file the complaint until January 22, 2004.   Plaintiff states that Channel 13 demonstrated that the claim accrued on January 16, 2003, and therefore, the statute expired on January 16, 2004.  He further alleges that the Clerk failed to comply with state and federal rules of civil procedure which govern the filing of complaints.

On February 9, 2005, Johnson filed a motion for an order compelling the Shelby County Chancery Court to relieve plaintiff

4

from its order of dismissal, or in the alternative, for a writ of mandamus.  To the extent Johnson seeks an order countermanding the ruling of the Shelby County Chancery Court, he may not attack those proceedings in this federal district court.

> United States district courts . . . do not have jurisdiction[]over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.  Review of those decisions may be had only in [the United States Supreme] Court. 28 U.S.C. § 1257.

District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-83, 486 (1983).  See also Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923)(federal district courts lack jurisdiction to review or modify a judgment of a state's highest court).  In short, "[l]ower federal courts possess no power whatever to sit in direct review of state court decisions." Cleveland Surgi-Center v. Jones, 2 F.3d 686, 691 (6th Cir. 1993).  Regardless of what relief plaintiff has sought from the Tennessee courts, he cannot obtain an order from this Court directing those courts to take any action on his behalf.

> [F]ederal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties.  Clark v. Washington, 366 F.2d 678 (9th Cir. 1966); Campbell v. Washington State Bar Ass'n, 263 F. Supp. 991 (W.D. Wash. 1967).

Haggard v. State of Tennessee, 421 F.2d 1384, 1386 (6th Cir. 1970). Accordingly, plaintiff's motion (Docket No. 6) is DENIED.

Court clerks enjoy absolute immunity for judicial or quasi-judicial actions.  White v. Gerbitz, 892 F.2d 457, 464-65 (6th Cir. 1989)(holding that the setting of bail is an action judicial in

5

character for which court clerk enjoyed absolute immunity); Foster
v. Walsh, 864 F.2d 416, 417 (6th Cir. 1989)(clerk's issuance of
warrant protected by absolute immunity).  The receipt and filing of
a complaint is a quasi-judicial act.  Any claim against Clerk
Armstrong and Deputy Clerk Reynolds is barred by absolute immunity.

Furthermore, there is no respondeat superior liability under
§ 1983.  Monell v. Dept. of Soc. Serv., 436 U.S. 658 (1978);
Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984)(liability
under § 1983 in a defendant's personal capacity must be predicated
upon some showing of direct, active participation in the alleged
misconduct).   Plaintiff  does  not  allege  that  Armstrong  was
personally responsible for the delay in filing his complaint or
that Armstrong was even aware that the complaint had been received
but not filed.  It is clear from the face of the complaint, even
construed liberally under Haines v. Kerner, 404 U.S. 519 (1972),
that plaintiff relies entirely on the employment and supervisory
capacity of defendant Armstrong as the basis for any claims that he
violated his rights.

Accordingly, this complaint contains claims which are barred
by absolute immunity and fail to state a claim upon which relief
may be granted.  The complaint is DISMISSED pursuant to 28 U.S.C.
§§ 1915(e)(2)(B)(ii) and (iii).

III.   APPEAL ISSUES

Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one.   Coppedge v. United States, 369 U.S. 438, 445 (1962).  Accordingly, it would be inconsistent for a district court to determine that a complaint which does not merit service has sufficient merit to support an appeal in forma pauperis.   See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983).  The same considerations that lead the Court to dismiss this case as barred by absolute immunity and as failing to state a claim also compel the conclusion that an appeal would be frivolous.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith and plaintiff may not proceed on appeal in forma pauperis.

IV. Imposition Of Restrictions On Filing Privileges

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by this plaintiff, this is the third dismissal of one of his

7

cases as frivolous or failing to state claim.[3]  Section 1915(g)
provides:

> In no event shall a prisoner bring a civil action or
> appeal a judgment in a civil action or proceeding under
> this section if the prisoner has, on 3 or more prior
> occasions, while incarcerated or detained in any
> facility, brought an action or appeal in a court of the
> United States that was dismissed on the grounds that it
> is frivolous, malicious, or fails to state a claim upon
> which relief may be granted, unless the prisoner is under
> imminent danger of serious physical injury.

28 U.S.C. § 1915(g).[4]  Johnson is plainly a prisoner within the
meaning of the statute.  Accordingly, it is hereby ORDERED that
Edward Johnson, prisoner number 165254, shall not be permitted to
file any further actions <u>in forma pauperis</u> without first obtaining
leave of Court.

    Prior to the enactment of 28 U.S.C. § 1915(g), this Court had
adopted the restrictions articulated in <u>Winslow v. Romer</u>, 759 F.
Supp. 670, 683-85 (D. Colo. 1991) as the model for the Court's

---

[3]     Johnson previously filed the following cases that were dismissed as
frivolous:

    1.     <u>Johnson v. Todd</u>, No. 00-1222-D (W.D. Tenn. Aug. 15,
        2000), a § 1983 complaint dismissed as frivolous pursuant
        to 28 U.S.C. 1915(e)(2)(B)(i);

    2.     <u>Johnson v. Key, et al.</u>, No. 04-2904-B/P (W.D. Tenn. Mar.
        3, 2005)(dismissing § 1983 claims for failure to state a
        claim under 28 U.S.C. 1915(e)(2)(B)(ii) and 28 U.S.C. §
        1915A(b)(1).

[4]     The threshold requirement for a prisoner seeking to demonstrate that
he is exempt from § 1915(g) restrictions is an allegation of "imminent danger of
serious physical harm." <u>Gibbs v. Roman</u>, 116 F.3d 83, 86 (3d Cir. 1997).  See <u>Pigg
v. Federal Bureau of Investigation</u>, 106 F.3d 1497, 1497 (10th Cir. 1997); <u>Adepegba
v. Hammons</u>, 103 F.3d 383, 385 (5th Cir. 1996); <u>Abdul-Wadood v. Nathan</u>, 91 F.3d
1023, 1025 (7th Cir. 1996).  The Court will focus on the imminence of the danger
"at the time of the alleged incident, and not at the time the complaint was
filed." <u>Gibbs</u>, 116 F.3d at 83.

invocation of its inherent authority to impose sanctions.  It is indisputable that the district courts possess such authority.  See Chambers v. NASCO, Inc., 501 U.S. 32, 43-50 (1991)(pre-PLRA case holding no constitutional right of access to the courts to prosecute an action that is frivolous or malicious); Mercer v. Fayette Circuit Court, 1995 WL 222181 (6th Cir. April 13, 1995)(pre-PLRA case noting that appellant filed nine frivolous lawsuits arising out of state court prosecution); In re Martin-Trigona, 737 F.2d 1254, 1261 (2d Cir. 1984)(pre-PLRA case holding courts possess inherent authority to sanction litigants for abusive repetitive filings).  See also Gibson v. Gibbons, No. 97-2559-Ml/A (W.D. Tenn. Aug. 14, 1997)(invoking both § 1915(g) and Court's inherent power to restrict prisoner's filing privileges). Nothing in amended 28 U.S.C. § 1915(g) restricts this authority.

Further, the Court concludes that 28 U.S.C. § 1915(g) lowers the threshold for the Court's use of this inherent power. Accordingly, the Court will require that plaintiff comply with both 28 U.S.C. § 1915(g) and the further restrictions and conditions enunciated below.

To obtain leave of court, Johnson must file an affidavit similar to that required by the district court in Winslow, 759 F. Supp. at 683-85. Additionally, he must file any further complaints on a form available from the Clerk of Court. The Clerk shall not send Johnson more than one (1) complaint form and one (1) in forma pauperis application form per six months and shall not respond to such requests within three months of the most recent request. Any

9

request for such a form must be made in writing by the defendant himself, in a letter that shall not exceed one sheet of paper.

To request leave of court, plaintiff shall file, along with any future complaint:

1) a motion requesting permission of the Court to file;

2) an affidavit certifying under penalty of perjury:

    a) that he has read and understood Rule 11 of the Federal Rules of Civil Procedure;

    b) that the complaint contains claims he knows to be reasonably based in law and fact;

    c) that he is aware that filing any further frivolous actions will result in the imposition of additional sanctions by the Court;

    d) that he is in imminent danger of serious physical injury (describing in detail the nature of the danger, why it is imminent, and the nature of the serious physical injury);

    e) that either:

        1) none of the defendants to the new action were defendants in any previous action that was dismissed as frivolous; OR

        2) that some of the defendants to the new action were defendants in a previous action that was dismissed as frivolous, but that the plaintiff has compared the claims in the frivolous case with the claims in the new case, and that he does not seek to sue those defendants on any claims that could have been litigated in that case; and

    f) that he has been sanctioned by this Court in this case, and state the style, jurisdiction, and docket number of this action.

Any complaint submitted by plaintiff without this motion and affidavit will not be filed but will be immediately returned to the

10

plaintiff for failure to comply with this order.  Furthermore, the Court will then impose further sanctions against the plaintiff, including a further monetary fine, which may be collected directly from his prison trust fund account.

The Clerk of Court is ORDERED not to file, open on this Court's docket, assign a new docket number, or assign to a judge, any further case whatsoever submitted by this plaintiff unless specifically directed to do so by a district judge or magistrate judge of this district.  Plaintiff is ORDERED not to file any further documents in this or any other action except a one-page notice of appeal.  The Clerk shall not accept for filing in this or plaintiff's other actions any document whatsoever except that notice of appeal.  Any other documents submitted shall be forthwith returned to him by the Clerk.

### V. Assessment of Appellate Filing Fee

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case.  The United States Court of Appeals for the Sixth Circuit has held that a certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b).  McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997).  McGore sets out specific procedures for implementing the PLRA.  However, as this is the third dismissal of one of plaintiff's cases as

frivolous, 28 U.S.C. § 1915(g) bars him from taking an appeal under § 1915(b). <u>Green v. Nottingham</u>, 90 F.3d 415, 417 (10th Cir. 1996).

Accordingly, if Johnson files a notice of appeal, the Clerk is ORDERED to assess and collect the entire fee of $255 from his prison trust fund account whenever funds are in the account, without regard to the installment payment provisions of § 1915(b). Furthermore, if Johnson files a notice of appeal, he must pay the entire fee within thirty days of filing that notice. If he does not, this Court will notify the United States Court of Appeals for the Sixth Circuit that he has failed to comply with the fee requirements, and that Court will dismiss his appeal. It will not be reinstated thereafter even if he does pay the filing fee. <u>Cf.</u> <u>McGore</u>, 114 F.3d at 609-10.

IT IS SO ORDERED this ___9___ day of September, 2005.

JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 8 in case 2:04-CV-03023 was distributed by fax, mail, or direct printing on September 12, 2005 to the parties listed.

---

Edward Johnson
NORTHWEST CORRECTIONAL COMPLEX
165254
960 State Route 212
Tiptonville, TN 38079

Honorable Jon McCalla
US DISTRICT COURT